**BUILDING INDUSTRY ASSOCIATION OF SOUTHERN CALIFORNIA, INC., Plaintiff,**

v.

**Manuel LUJAN, Jr., et al., Defendants.**

**Civ. A. No. 90–882.**

United States District Court, District of Columbia.

Feb. 27, 1992.

---

Lee Thomas Ellis, Jr., Baker & Hostetler, Washington, D.C., for plaintiff.

Larry James Bradfish, Environment & Natural Resources Div., U.S. Dept. of Justice, Washington, D.C., for defendants.

## MEMORANDUM ORDER

STANLEY S. HARRIS, District Judge.

Before the Court are plaintiff's motion for partial summary judgment, defendants' motion to dismiss and cross-motion for summary judgment, the oppositions and replies thereto, and supplemental pleadings by plaintiff and defendants.

Plaintiff brings this suit to challenge the final rule listing the Mojave Desert population of the desert tortoise as an endangered species under the Endangered Species Act (ESA), 16 U.S.C. §§ 1531–1544. The United States Fish and Wildlife Service issued the final rule on or about April 2, 1990; plaintiff filed its complaint on April 13, 1990.

Defendants allege that plaintiff has failed to satisfy the 60–day notice and delay period required by the ESA prior to filing suit.[1] The Court agrees. Under the citizen suit provisions of the ESA, "[n]o action may be commenced under subparagraph (1)(C) of this section prior to sixty days after written notice has been given to the Secretary." 16 U.S.C. § 1540(g)(2)(C). Subparagraph (1)(C) allows suits "against the Secretary where there is alleged a failure of the Secretary to perform any act or duty under section 1533 of this title which is not discretionary with the Secretary."[2] Both parties agree that plaintiff did not give written notice and did not wait the required 60–day period.

The Supreme Court, interpreting a similar notice and delay provision under the Resource Conservation and Recovery Act (RCRA), held that failure to comply with the requirement mandated dismissal of the action. *See Hallstrom v. Tillamook County*, 493 U.S. 20, 33, 110 S.Ct. 304, 312, 107 L.Ed.2d 237 (1989), *reh'g denied*, 493 U.S. 1037, 110 S.Ct. 761, 107 L.Ed.2d 777 (1990). The ESA provision here is indistinguishable from the one in *Hallstrom*. *See Hallstrom*, 493 U.S. at 23 n. 1, 110 S.Ct. at 307 n. 1 (citing statutes, including the ESA, which have provisions similar to the one in RCRA). Plaintiff alleges that its participation in an earlier suit challenging the emergency listing of the desert tortoise was sufficient notice of its challenge to the final listing. The Court finds this constructive notice argument unpersuasive. Presumably, one purpose of the statutorily-required delay is to give the Secretary a chance to address the complainant's concerns. Here, the fact that plaintiff was a party to a prior suit challenging (on different grounds) an emergency listing of the desert tortoise does not relieve plaintiff of the statutory notice and delay requirement. *Cf. City of Las Vegas v. Lujan*, No. 89–2216 (D.D.C. Aug. 24, 1989), *aff'd*, 891 F.2d 927 (D.C.Cir.1989). *Hallstrom* supports

---

1. Plaintiff alleges that it claims jurisdiction under the Administrative Procedure Act (APA) and 28 U.S.C. § 1331, not the ESA. *See* Plaintiff's Response to Defendants' Motion to Dismiss, at 3. Plaintiff contends that "The [ESA] is invoked only to the extent that authority for the defendants' decision during the administrative process resulted from a grant of authority under the APA." *Id.* The APA, however, does not provide an independent source of jurisdiction. *See Califano v. Sanders*, 430 U.S. 99, 107, 97 S.Ct. 980, 985, 51 L.Ed.2d 192 (1977). Therefore, to claim federal question jurisdiction in this Court, plaintiff must sue under the citizen suit provisions of the ESA and hence must meet the ESA's requirements.

2. Defendants contend that plaintiff has failed to meet the requirements of 16 U.S.C. § 1540(g)(2)(A)(i) which provides for a similar 60–day notice and delay period for suits brought under § 1540(g)(1)(A). *See* Defendant's Motion to Dismiss, at 4–5. The Court finds that this suit is more accurately described as one brought under § 1540(g)(1)(C). Nevertheless the result would be the same under either provision.

this interpretation. The Supreme Court rejected arguments that the lack of compliance with the notice and delay provision could be cured by either a 60–day stay of the case or by applying equitable tolling principles. *See Hallstrom,* 493 U.S. at 26–28, 110 S.Ct. at 309.

Unfortunately, as in *Hallstrom,* this case has been in litigation for an extended period.[3] Nevertheless, the statutory provisions and the reasoning in *Hallstrom* require dismissal.[4] Accordingly, it hereby is

ORDERED, that the case is dismissed without prejudice.

SO ORDERED.

---

**3.** The case was transferred to the undersigned from another judge on January 31, 1992.

**4.** The Court, therefore, does not address the other arguments raised by plaintiff or defendants.